UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAKHIR SAFIULIN,

Petitioner,

v.

JULIO HERNANDEZ et al.,

Respondents.

CASE NO. 2:26-cv-02701-DGE

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1)

The petition for writ of habeas corpus is GRANTED.

There is no appreciable dispute in this matter. "Federal Respondent[s] recognize[] that *Rodriguez Vazquez*[1] is controlling law in this Circuit and recognize[] that its application here would likely lead to the conclusion that his detention is governed by 8 U.S.C. § 1226(a)." (Dkt. No. 4 at 2). "Respondents [also] acknowledge that courts in this district have found noncitizens released on OREC [(order of release on recognizance)] to be detained under 8 U.S.C. § 1226(a) and not Section 1225(b)." (*Id.* at 5.) Notwithstanding, Respondents offer that their goal is to

[1] *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026).

"preserve [their] right to seek appeal" because they disagree with *Rodriguez Vazquez* and decisions issued in this district. (*Id*. at 2.)

The Court agrees with Petitioner and Respondents, controlling Circuit law and rulings by this Court lead to only one conclusion: Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

Petitioner entered the United States at the San Ysidro Port of Entry on or about May 3, 2022. (Dkt. Nos. 1-4 at 2; 5-1 at 2.) Thereafter, he was placed in removal proceedings and released on OREC issued pursuant to 8 U.S.C. § 1226. (Dkt. Nos. 5-1; 5-2.) For over four years, Petitioner remained at liberty, attending his removal hearings and regularly checking in with Immigration and Customs Enforcement ("ICE"). (Dkt. Nos. 5-2 at 3; 6 at 2.) Even after an immigration judge ordered Petitioner's removal on February 12, 2025, Petitioner remained at liberty while his appeal remained pending before the Board of Immigration Appeals. (Dkt. No. 6 at 2.) ICE detained Petitioner on July 23, 2026 at a check-in after identifying he "had criminal charges from a Florida police department" (Dkt. No. 5-4 at 3), which had been dismissed over a year earlier on February 2, 2025 (Dkt. No. 1-6 at 2) and which the immigration court was aware of (Dkt. No. 1 at 6). ICE issued a warrant of arrest pursuant to 8 U.S.C. § 1226 to detain Petitioner. (Dkt. No. 5-3.)

These facts establish Petitioner is not subject to 8 U.S.C. § 1225(b) and that his detention is governed by § 1226(a). *See Bian v. Hernandez*, Case No. 2:26-cv-02180-DGE, 2026 WL 2070090 (July, 17, 2026); *Yu v. Hernandez*, Case No. 2:26-cv-01372-DGE, 2026 WL 1560581 (W.D. Wash. May 22, 2026); *Rana v. Bondi*, Case No. 2:26-cv-00268, 2026 WL 445049 (W.D. Wash. Feb. 17, 2026); *Singh v. Noem*, Case No. 2:26-cv-00079-DGE, 2026 WL 265670 (W.D. Wash. Feb. 2, 2026); *Quitio v. Warden, No[r]thwest ICE Processing Center*, Case No. C26-

2118-KKE, 2026 WL 2168608 (July 28, 2026); *Bello Chacon v. Hermosillo*, Case No. 2:25-cv-02299-TMC, 2025 WL 3562666, at *4 (W.D. Wash. Dec. 12, 2025); *E.A. T.-B v. Wamsley*, 795 F. Supp. 3d 1316, 1322–1323 (W.D. Wash. 2025).

These facts also establish Petitioner's detention on July 23, 2026 without pre-deprivation notice or hearing before a neutral decisionmaker violated due process under *Mathews v. Eldridge*, 424 U.S. 319 (1976). Here, after having been previously released on an OREC, Petitioner maintained a private interest in freedom from imprisonment. There was a high risk of erroneous deprivation of this private interest because the alleged basis for Petitioner's detention on July 23, 2026 was a misdemeanor criminal charge that had been dismissed over a year before. There were no exigent circumstances supporting Petitioner's immediate detention. Any additional administrative burden in providing pre-deprivation notice and a hearing before a neutral decision maker is outweighed by constitutionally required due process. In accordance with decisions issued by this Court in similar cases, the Court concludes Petitioner's detention violated due process. *See Bian, Yu, Rana, Singh*.

Based on the foregoing, the Petition is GRANTED. Respondents and all their officers, agents, attorneys, and persons acting on their behalf or in concert with them SHALL release Petitioner from custody within ONE day of this order and return him to the conditions of release identified in his previous order of release on recognizance (*see* Dkt. No. 5-2).

Petitioner SHALL not be re-detained, absent urgent circumstances or a clear legal basis for detention, without first providing pre-deprivation notice and an opportunity to be heard in front of an immigration judge. Neither the record nor the arguments presented by Respondents in this matter established urgent circumstances or a clear legal basis justifying re-detention without a pre-deprivation hearing.

Within **TWENTY-FOUR (24)** hours of this order, Respondents SHALL provide the Court with a declaration confirming Petitioner has been released from custody.

Petitioner requested attorney fees and costs under the Equal Access to Justice Act ("EAJA"). See 28 U.S.C. § 2412(d)(1)(A). To be eligible for fees under the EAJA, a petitioner must submit an application within thirty days of final judgment. *See id.* § 2412(d)(1)(B). A final judgment is one that is final and not appealable. *Id.* § 2412(d)(2)(G). Accordingly, Petitioner may file a motion supporting such request no later than **November 30, 2026.**

Dated this 28th day of August, 2026.

David G. Estudillo
United States District Judge